When it is said the deed in question is voluntary, that it was given upon no consideration, it seems difficult to adduce reasons why the Court should proceed in the case, and grant relief. The old beaten ground, long since occupied by the courts of equity, not to aid voluntary conveyances, seems to render any reasons that might be urged to show that the bill should be dismissed as both trite and unnecessary.
(102) But fraud in making a division of the negroes is alleged. The deed of gift was certainly given upon a contingency. There was something like a blank to a prize; something like an appeal to the doctrine of chances. If the division of the negroes is set aside for fraud, and there is to be another drawing of the lottery, the managers or commissioners must be instructed in the next division which they make, in order to protect the interest of the plaintiffs, or fraud will be again alleged. Indeed, to avoid fraud altogether, an equal division of the negroes ought to be made between Mrs. Dawson and her sister; for if we depart from the case as the parties have made it by deed, there is no stopping place between that and allowing the plaintiff a full share of the negroes in dispute. The parties themselves might have so inserted it in the deed, but we see they have not done so. And by this mode of proceeding the plaintiffs will be placed upon much more favorable ground than they stand on in the deed of gift made to them. They will, in fact, be made to draw a prize, when they have not paid for a ticket.